IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRANDON OTHA MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24CV165 |
| ) | |
| CHARLES F. BIRKHEAD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Order and Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on May 7, 2025, was served on the parties in this action. (ECF No. 77.) Plaintiff filed an objection to the Recommendation within the time limit[1] prescribed by Section 636. (ECF No. 81.)

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination that accords with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's recommendation.

Also on May 7, 2025, Plaintiff filed a document entitled "Statement of Affidavit" in which he accuses "Officer Kelly & Officer Collins" (who are not named as Defendants in this action), of using excessive force during an interaction they had, which Plaintiff alleges injured his hip and "violat[ed his] 14th Amendment rights subjecting [him] to cruel & unusual punishment." (ECF No. 79 at 1.) He further alleges that "[t]he medical staff here Dr. Quashi

---

[1] Although said filing was timely, Plaintiff filed a Notice stating that "the reason for this letter being late is I was give it on 5/16/25 [sic][.]" (ECF No. 80.)

& D. Edwards (NP)[,]" (who are also not named as Defendants in this action) "as well as the Sheriff Clarence F. Birkhead" (who is named as Defendant in this action) are liable for "Deliberate indifference to Plaintiff's serious medical need violated Plaintiff's rights and constituted cruel and unusual punishment of the 14th Amendment of the United State[s] Constitution within the Durham County Jail." (*Id.* at 1-2.) Plaintiff attaches two letters he wrote to Sheriff Birkhead elaborating on these allegations. (*Id.* at 3-4.)

Plaintiff may not join multiple defendants in a single action unless he shows that "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also Wendt v. Bullard*, No. 5:23-CT-3047-FL, 2024 WL 3955458, at *7 (E.D.N.C. Aug. 27, 2024) ("And where plaintiff is incarcerated, '[u]nrelated claims against different defendants belong in different suits [under Rule 20 and] to ensure that prisoners pay the required filing fees [pursuant to 28 U.S.C. § 1915(b)].'") (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Federal Rule of Civil Procedure 15(a) provides that: "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served …. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Al-Haqq v. Brown*, No. C A 8053215-HMH-BHH, 2006 WL 2622533, at *6 (D.S.C. Sept. 8, 2006) (unpublished). Under the rule's liberal construction, *see Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018); *Ward Elecs. Serv., Inc. v. First Commercial Bank*,

2

819 F.2d 496, 497 (4th Cir. 1987), motions to amend should be granted absent extraordinary circumstances, such as undue delay, bad faith or dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also McLean v. N. Carolina Dep't of Corr.*, No. 1:09CV771, 2010 WL 11541906, at *5 (M.D.N.C. Aug. 24, 2010) (unpublished) ("Nevertheless, although leave to amend should be freely allowed, and a party seeking such leave from the court need not file a supporting brief under the local rules, the party "must state good cause" for the amendment.") (citing M.D.N.C. LR 7.3(j)).

Here, such extraordinary circumstances are present. Plaintiff has sought to amend and supplement his Complaint multiple times (*see, e.g.*, ECF Nos. 5, 6, 11, 31), has been directed to amend his Complaint in a previous Order and Recommendation from the Magistrate Judge (ECF No. 63), and has failed to fully comply with the instructions accompanying that directive (ECF No. 77 at 7-9). Without filing a separate motion to amend, Plaintiff again attempts to add totally new claims against new defendants and to add claims against an existing defendant. (ECF No. 79.) The Court will not permit this attempt, because "[t]o do so would cause undue delay and be prejudicial to the defendants." *Al-Haqq*, 2006 WL 2622533, at *6; *see also Givens v. Stirling*, No. CV 9:22-03577-DCC-MHC, 2023 WL 12087229, at *2 (D.S.C. Mar. 8, 2023) (unpublished) ("[Plaintiff] appears to be attempting to amend his Complaint to add new claims against new defendants. However, Plaintiff failed to provide a complete, signed, proposed amended complaint. Instead, he appears to be attempting to amend portions of his Complaint bit by bit, which he may not do."); *McClary v. Searles*, No. 3:15-CV-77-FDW, 2015 WL 2259312, at *1 (W.D.N.C. May 13, 2015), at *1 n. 1 (W.D.N.C. May 13, 2015) (unpublished)

3

("A plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations."). Although the allegations in Plaintiff's claims are not necessarily facially implausible, they may not be properly brought in the instant action.

**IT IS THEREFORE ORDERED** that to the extent Plaintiff's objections contain a motion to amend (*see, e.g.*, ECF Nos. 79, 80, 81), they are **DENIED** for the reasons stated herein and for the reasons noted by the Magistrate Judge in the Recommendation.[2]

**IT IS FURTHER ORDERED** that the Magistrate Judge's Recommendation, (ECF No. 77), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Third Injunction Motion, (ECF No. 65), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 72), is **GRANTED** and that Plaintiff's claims be **DISMISSED with prejudice**.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This, the 2nd day of July 2025.

/s/ Loretta C. Biggs
Senior United States District Judge

---

[2] *Cush-El v. Covington*, No. 1:14CV756, 2014 WL 4955510, at *1 (M.D.N.C. Oct. 2, 2014) (unpublished), *aff'd*, 598 F. App'x 199 (4th Cir. 2015).